HONIGMAN LLP
MATTHEW S. DISBROW
(SBN 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone: 313-465-7372
Facsimile: 313-465-7373
mdisbrow@honigman.com

Attorneys for Defendant
ALBIREO ENERGY, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO SOSA CAMPOS individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALBIREO ENERGY, LLC, a Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '26CV1738 AJB JLB<br><br>**DEFENDANT'S NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION**<br><br>Complaint Filed: January 13, 2026<br><br>Removal Date: March 19, 2026 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Albireo Energy, LLC, ("Albireo" or "Defendant"), through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, respectfully submits this Notice of Removal in the above-captioned action from the Superior Court of California, County of San Diego, No. 26CU004561C, to the United States District Court for the Southern District of California. In support of this removal, Defendant states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Diego, by Plaintiff Marco Antonio Sosa Campos ("Plaintiff") against Defendant Albireo Energy, LLC, ("Albireo Energy") Case No. 26CU004561C (the "State Court Action").

2. A true and correct copy of the Summons and Complaint in the State Court Action is attached to the Declaration of Matthew S. Disbrow, filed concurrently with this notice. ("Disbrow Decl.") as Exhibit 1 ("Compl.").

3. Albireo Energy filed its answer and affirmative defenses to the State Court Action on March 18, 2026. A true and correct copy of Albireo Energy's answer and affirmative defenses is attached to the Declaration of Matthew S. Disbrow, filed concurrently with this notice. ("Disbrow Decl.") as Exhibit 2 ("Answer").

## II. THE PARTIES

4. Plaintiff alleges that he was employed by Albireo Energy as an hourly-paid, non-exempt employee in San Diego County, California from approximately March 2008 until approximately February 2025. (Compl. ¶¶ 7, 14).

5. Plaintiff brings this action individually and on behalf of all persons who worked for Albireo Energy in California as hourly-paid or non-exempt employees during the applicable statute of limitations period. (Compl. ¶¶ 1-2).

6. Albireo Energy is a limited liability company, formed under the laws of Michigan, with its principal place of business located in New Jersey. (Declaration of Keith Segear ("Segear Decl.") ¶ 4).

7. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens.

8. Albireo Energy is wholly owned by Albireo Holdings, Inc. ("Albireo Holdings"). In other words, Albireo Energy's sole member is Albireo Holdings. (Segear Decl. ¶ 5).

9. Albireo Holdings is a corporation formed under the laws of Delaware, with its principal place of business located in Delaware. (Segear Decl. ¶ 6).

## III. PROCEDURAL BACKGROUND

10. On January 27, 2026, Plaintiff filed his Complaint against Albireo Energy in the State Action (the "Complaint"). (Disbrow Decl., Ex. 1)

11. On February 19, 2026, Plaintiff served Albireo Energy with the summons and Complaint. (Ex. B, Segear Decl. ¶ 7).

12. Other than the Answer, no other pleadings have been entered in the State Court Action. True and correct copies of all other orders in the State Court Action are attached as Exhibit 3 to the Declaration of Matthew S. Disbrow. (Ex. 1).

13. While Defendant denies Plaintiff's claims and intends to vigorously defend itself against them, the Complaint nonetheless alleges eight causes of action against Albireo for purported wage and hour law violations under the California Labor Code and California Business and Professions Code. (*See* Compl. ¶¶ 32-95).

14. Plaintiff seeks to represent a putative class of all hourly or nonexempt employees of Albireo Energy who worked in California from January 27, 2022 to the present (the "Class Members"). (Compl. ¶ 25).

15. Albireo Energy currently employs eighty-seven (87) unique individuals as hourly, nonexempt employees in California. (Ex. B, Segear Decl. ¶¶ 11-12).

16. Since January 27, 2022, Albireo Energy has employed an additional one hundred and seventy (170) unique individuals as hourly, nonexempt employees in California. (Ex. B, Segear Decl. ¶¶ 13-14).

17. In total, approximately two hundred and fifty-seven (257) unique individuals were employed by Albireo Energy in California, paid on an hourly basis and classified as nonexempt, during the period beginning on January 27, 2022, and ending on January 27, 2026. ("Qualifying Employees"). (Ex. B, Segear Decl. ¶ 15).

18. Plaintiff does not allege a specific amount of relief sought.

19. Albireo Energy denies Plaintiff's claims. Nonetheless, solely for purposes of removal and based on the allegations set forth in the Complaint, which Defendant must accept as pleaded for purposes of this notice only, Plaintiff's allegations, together with the citizenship of the parties and the amount in controversy, demonstrate that diversity jurisdiction exists under 28 U.S.C. § 1332(d) and that the amount in controversy exceeds $5,000,000. Accordingly, this Court has subject matter jurisdiction over Plaintiff's state law claims, and removal to this Court is proper.

## IV. JURISDICTION – DIVERSITY OF CITIZENSHIP UNDER THE CLASS ACTION FAIRNESS ACT

20. This action is removable pursuant to the Class Action Fairness Act ("CAFA"). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law where (1) the number of plaintiffs in the class is at least 100 persons, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (5).

### A. The Number of Plaintiffs in the Class Is at Least 100 Persons

21. As discussed above, the Putative Class includes all hourly or non-exempt employees who are currently or were previously employed by Defendant in California from January 27, 2022, to the present (the "Class Members"). (Compl. ¶ 25).

22. From January 27, 2022 to January 27, 2026, Albireo Energy has employed at least two hundred and fifty-seven (257) Qualifying Employees. (Ex. B, Segear Decl. ¶15).

23. Accordingly, CAFA's numerosity requirement is readily satisfied. *See* 28 U.S.C. §§ 1332(d)(5)(B).

B. **Minimal Diversity of Citizenship Exists**

24. For purposes of diversity, a natural person is a citizen of the state where he or she is domiciled, or resides with an intent to remain indefinitely. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597 (1989).

25. A limited liability company is a citizen of each state where each of its members is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016-17 (2016); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

26. A corporation is a citizen of its state of incorporation and of the state where its principal place of business (*i.e.*, its "nerve center") is located. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

27. CAFA is satisfied so long as any member of the class is a citizen of a different state than any defendant. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005).

28. One or more of the Class Members are citizens of California. The Complaint alleges that Plaintiff is a California resident. (Compl. ¶ 7). Upon information and belief, Plaintiff has not relocated from the State of California, and (based on his continued, indefinite residence in California during the alleged limitations period) intends to continue to reside in California. The Class Members are further defined as non-exempt employees of Defendants in California. (*Id.* ¶¶ 1-2).

29. Albireo Energy is a limited liability company organized under the laws of the State of Michigan with its principal place of business in New Jersey. (Ex. B, Segear Decl. ¶ 4).

30. Albireo Energy is a wholly owned subsidiary of Albireo Holdings, and Albireo Holdings is Albireo Energy's sole member. (Ex. B, Segear ¶ 5).

31. Albireo Holdings is a corporation organized under the laws of the State of Delaware with its principal place of business in Delaware. (Ex. B, Segear ¶ 6).

32. Accordingly, Albireo Energy is a citizen of Delaware for purposes of diversity jurisdiction.

33. Thus, Plaintiff is a citizen of a state different from any defendant and "minimal diversity" under CAFA is satisfied. 28 U.S.C. § 1332(d)(2).

## C. **The Amount in Controversy Exceeds Five Million Dollars, Exclusive of Interest and Costs**

34. For purposes of CAFA jurisdiction, the Court considers the aggregate relief sought by the class, not the claims of the lead plaintiff or any individual class member standing alone. 28 U.S.C. § 1332(d)(6).

35. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

36. At the removal stage, defendants need file only a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

37. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the Plaintiff seeks remand or the Court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

38. In assessing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." *Arias v.*

*Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

39. "'The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.'" *Id.*, (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). "In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Id.* (emphasis in original).

40. Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1200, n.1 (9th Cir. 2015). "This is so because [Defendant] is not stipulating to damages suffered, but only estimating the damages that are in controversy. *Id.*

41. Here, the Complaint does not specify the amount of damages sought. While Albireo Energy denies the validity and merit of the entirety of Plaintiff's claims, Plaintiff's allegations clearly place more than $5,000,000 in controversy.

(1) ***Failure to Pay Minimum and Straight Time For All Hours Worked***

42. Plaintiff's First Cause of Action alleges that Albireo willfully violated California Labor Code §§ 204 and 1194, and applicable Industrial Welfare Commission Wage Orders, by failing to pay all wages earned, failing to pay wages timely, and otherwise withholding compensation due to Plaintiff and other class members. (Compl. ¶¶ 32-41).

43. Plaintiff seeks to recover unpaid minimum and straight time wages, liquidated damages, pre-judgment interest, statutory penalties, restitution, and attorneys' fees on behalf of a class of 257 employees. (*Id.* at 41).

44. While Plaintiff alleges that Albireo Energy failed to pay minimum wage for "all hours they worked," Albireo Energy conservatively assumes, for purposes of

this analysis, that one hour of unpaid minimum wages is alleged to be owed per employee per workweek during the four-year period alleged in the Complaint. (Compl. ¶ 34).

45. Between January 27, 2022, and ending on January 27, 2026, Qualifying Employees were scheduled to work 40 hours per week. (Ex. B, Segear Decl. ¶ 16).

46. Albireo Energy currently employs eighty-seven (87) Qualifying Employees. (Ex. B, Segear Decl. ¶¶ 11-12).

47. Sixteen (16) current Qualifying Employees began work in 2025 or 2026. From their individual start dates through January 27, 2026, these employees worked a combined total of 405 workweeks (*Id.* ¶ 17).

48. In the year preceding the filing of the Complaint, the other seventy-one (71) current Qualifying Employees worked a total of 3,692 workweeks (*Id.* ¶ 18).

49. From January 27, 2025, through January 27, 2026, sixty-three (63) Qualifying Employees ended their employment. From January 27, 2025, through each employee's termination date, these employees worked a combined total of 1,917 workweeks (*Id.* ¶ 19).

50. Therefore, during the one-year period prior to the Complaint being filed, from January 27, 2025, through January 27, 2026, Qualifying Employees worked a total of 6,014 workweeks (*Id.* ¶ 20).

51. Using the California minimum wage in effect in January 2025 ($16.50 per hour), one year of alleged damages totals $99,231.

52. Assuming the same number of work weeks were worked by Qualifying Employees over the remaining three-year period of damages sought, and even applying the lowest applicable California minimum wage during that period ($15.00 per hour), the estimated additional damages for the remaining three years total $270,630.

53. Accordingly, the total damages for the four-year period sought in this claim amount to $369,861, or:

**$99,231 (year 1) (+) $270,630 (3 previous years) = $369,861**

54. Plaintiff also asserts a claim for liquidated damages. Under California Labor Code § 1194.2, an employee may recover liquidated damages in an amount equal to the unpaid minimum wages (Compl. ¶ 39). Therefore, the liquidated damages claim would add an additional $369,861.

55. Applying the lowest applicable minimum wage during the relevant period and including liquidated damages equal to the estimated unpaid wages, the most conservative floor estimate for this claim totals **$739,722**.

**$369,861 (x) 2 = $739,722**

56. This estimate is conservative because it assumes only one hour is owed per week and applies the lowest minimum wage over the four-year period. The California minimum wage increased during portions of the alleged period, and the total amount of unpaid wages would be higher if the increased rates for later years were applied.

57. Plaintiff also seeks attorneys' fees, which are calculated separately and included later.

(2) ***Failure to Pay Overtime Wages***

58. In the second cause of action, Plaintiff alleges that Albireo Energy failed to pay overtime wages for hours worked in excess of eight hours in a day and/or forty hours in a week. (Compl. ¶¶ 42-50).

59. Plaintiff alleges, pursuant to Cal. Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation. (Compl. ¶ 44).

60. Plaintiff alleges that Albireo Energy failed to pay overtime wages for hours worked in excess of eight hours in a day and/or forty hours in a workweek, which Albireo denies. (Compl. ¶¶ 43–50).

61. For purposes of estimating a conservative floor for the amount in controversy, Defendants assume that each putative class member worked two unpaid overtime hours per workweek during the four-year period alleged in the Complaint.

62. Using averages instead of individual wage rates, the eighty-seven current Qualifying Employees have an averaged hourly wage of $45.77. (Ex. B, Segear Decl. ¶ 12). Therefore, their average overtime rate would be $68.65.

63. Additionally, since January 27, 2022, the beginning of the applicable period alleged in the Complaint, Albireo Energy has employed an additional one hundred and seventy (170) unique individuals as hourly, nonexempt employees in California. (Ex. B, Segear Decl. ¶ 13).

64. Based on Albireo Energy's payroll records, these one hundred and seventy Qualifying Employees earned an average hourly pay rate of $40.45, at the time their employment ended. (Ex. B, Segear Decl. ¶ 14). Therefore, their averaged overtime rate would be $60.67.

65. Using the same number of workweeks for Qualifying Employees as in the previous calculation (6,014 weeks) at the lower average overtime rate earned by previous employees ($60.67), assuming only two unpaid overtime hours per workweek are alleged, the estimated unpaid overtime wages total per year is $729,738.76, or:

**6,014 weeks (x) $60.67 per hour (x) 2 hours per workweek = $729,738 / year**

66. Plaintiff alleges a four-year period of damages. Therefore, the conservative estimate of the amount in controversy for this claim is $2,918,955.04, or:

**$729,738 (x) 4 years = $2,918,955.04**

67. This estimate is conservative because the overtime rate is based on the lower average from previous employees, does not factor in the higher hourly rate of current Qualifying Employees and does not account for any additional unpaid hours

alleged beyond the assumed two hours per Qualifying Employee, nor does it account for "statutory penalties," as alleged. (Compl. ¶ 49).

68. Plaintiff also seeks attorneys' fees, which are calculated separately and included later.

(3) ***Plaintiff's Meal Periods Claim***

69. In the third cause of action, Plaintiff alleges that he and the putative class members were not provided compliant meal periods. (Compl. ¶¶ 52–53).

70. Plaintiff alleges that California law requires employers to provide employees with uninterrupted, unpaid meal periods of at least thirty (30) minutes for every five hours worked. According to the Complaint, the first meal period must be provided no later than the end of the fifth hour of work, and the second no later than the end of the tenth hour. (Compl. ¶ 52).

71. Plaintiff further alleges that Albireo Energy failed to provide required meal periods as mandated by California law and that, as a result, each putative class member is entitled to recover one hour of premium pay for each workday in which a compliant meal period was not provided, plus applicable interest. (Compl. ¶¶ 52–54).

72. This calculation uses the same number of workweeks for Qualifying Employees (6,014 weeks per year) and the lower average overtime rate earned by previous employees ($60.67) for the alleged premium pay amount as in the previous calculation.

73. Assuming, for purposes of estimating the amount in controversy, that each Qualifying Employee is alleged to have incurred two meal period premium hours per workweek, the estimated total amount in controversy for this claim is **$729,738 per year,** or:

**6,014 weeks (x) $60.67 per hour (x) 2 hours/workweek = $729,738 / year**

74. Therefore, during the four-year alleged damages period, the estimated total amount in controversy for this claim is **$2,918,955.04**, or:

**6,014 weeks (x) $60.67/hr (x) 2 meal periods/week (x) (4) years = $2,918,955**

75. This estimate is conservative because the overtime rate is based on the lower average from previous employees, does not factor in the higher hourly rate of current Qualifying Employees and because the Complaint alleges that employees are owed an hour of premium pay for each workday in which a compliant meal period was not provided (Compl. ¶¶ 52–54), whereas this calculation assumes only two premium hours per week are alleged.

(4) ***Plaintiff's Rest Period Claim***

76. In the fourth cause of action, Plaintiff alleges that he and the putative class members were not authorized or permitted to take complete, timely, ten-minute, duty-free rest periods as required by law. (Compl. ¶ 56).

77. Plaintiff further alleges that, pursuant to California Labor Code § 226.7 and the applicable Wage Orders, an employer must pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday in which a compliant rest period is not provided. (Compl. ¶ 58).

78. For purposes of estimating the amount in controversy based on Plaintiff's allegations regarding premium pay for missed, late, or interrupted rest periods, Albireo applies the same methodology described above with respect to meal period premiums.

79. Under those same conservative assumptions, the estimated unpaid rest period premiums total **$2,918,955.04**.

80. This estimate is conservative because the overtime rate is based on the lower average from previous employees, does not factor in the higher hourly rate of current Qualifying Employees and because the Complaint alleges that employees are owed one hour of premium pay for each workday in which a compliant rest period was not provided (Compl. ¶¶ 56-58), whereas this calculation assumes only two premium hours per week are alleged.

(5) ***Plaintiff's Termination Wages Claim***

81. In the fifth cause of action, Plaintiff alleges that Defendant failed to timely pay all wages due upon termination in violation of California Labor Code §§ 201 and 202. (Compl. ¶¶ 60–65). Plaintiff alleges that certain terminated putative class members were not paid all wages owed at the time of termination.

82. Plaintiff seeks statutory waiting time penalties of up to thirty (30) days of wages for each affected employee. (Compl. ¶ 64). The Complaint does not specify how many employees Plaintiff alleges were impacted.

83. Since January 27, 2022, Qualifying Employees have been scheduled to work 40 hours per week, or 8 hours per day. (Ex. B, Segear Decl. ¶ 16).

84. Between January 27, 2022 and January 27, 2026, Albireo Energy involuntarily separated eighty-two (82) Qualifying Employees. (*Id.* ¶ 26).

85. Based on Albireo Energy's payroll records, the group of former employees earned an average hourly pay rate of $40.45. This average was calculated using each employee's rate of pay at the time their employment ended. (*Id.* ¶ 14).

86. Even under the conservative assumption that Plaintiff alleges only one-half of former employees were subject to the challenged practice, and applying the stated averages, the total amount in controversy for this claim is $398,028 calculated as follows:

**$40.45 per hour × 8 hours × 30 days × 41 employees = $398,028**

87. This estimate is conservative because it assumes that only half of the discharged employees whose employment ended during the relevant period are alleged to have been impacted by the alleged practice.

(6) ***Failure to Provide and Maintain Accurate Wage Records***

88. In the sixth cause of action, Plaintiff alleges that Albireo Energy failed to provide accurate itemized wage statements in violation of California Labor Code § 226(a). Plaintiff further alleges that Albireo Energy knowingly and intentionally failed to comply with these requirements in the wage statements provided to Plaintiff

and the putative class members, specifically by failing to accurately reflect total hours worked. (Compl. ¶¶ 67–68, 73).

89. Plaintiff alleges that each class member is entitled to recover the greater of their actual damages or statutory damages of $4,000 per employee. (Compl. ¶ 72).

90. In total, approximately two hundred and fifty-seven (257) Qualifying Employees were employed by Albireo Energy during the period beginning on January 27, 2022, and ending on January 27, 2026. (Ex. B, Segear Decl. ¶ 15).

91. Assuming, for purposes of estimating the amount in controversy, that each class member is owed $4,000, and that there are 257 Qualifying Employees, the total amount in controversy for this claim is $1,028,000, or:

**257 employees × $4,000 = $1,028,000**

92. This estimate is conservative, as it assumes no class member is owed in excess of $4,000, even though the Complaint alleges that each class member would be entitled to the greater amount. (*See* Compl. ¶ 72).

93. Plaintiff also seeks attorneys' fees, which are calculated separately and included later.

(7) ***Failure to Provide Reimburse Business Expenses***

94. Plaintiff alleges that Albireo Energy failed to reimburse or indemnify employees for necessary expenditures incurred in the course and scope of their employment, in violation of California Labor Code § 2802. (Compl. ¶¶ 74–78).

95. For purposes of estimating the amount in controversy, Albireo Energy conservatively assume that Plaintiff alleges each of the 257 Qualifying Employees may be entitled to $500 per year in unreimbursed necessary business expenditures.

96. Applying this assumption over the four-year period at issue, the total amount in controversy for this claim is $514,000, or:

**257 employees × $500 per year × 4 years = $514,000**

97. This estimate is conservative, as Plaintiff characterizes the amount in controversy as "substantial," yet this estimate assumes only $500 per year per Qualifying Employee.

***(8) Unlawful and Unfair Business Practices***

98. Plaintiff alleges that Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*., by failing to pay wages, overtime, and penalties as required under the California Labor Code. (Compl. ¶¶ 79–83). Recovery is limited to the amount of money lost by the Plaintiff and other Class Members as a result of the unlawful practices otherwise alleged in the Complaint.

99. Because the damages associated with the claims otherwise exceed $5 million, Defendant has not calculated, for purposes of this Notice of Removal, the amount in controversy attributable to this asserted cause of action. Defendant expressly reserves the right to include such amounts in the amount in controversy should Plaintiffs move to remand.

***(9) Plaintiffs' Request for Attorneys' Fees***

100. Plaintiffs further seek an award of attorneys' fees on Plaintiffs' claims under the Labor Code. (Compl., Prayer ¶¶ 9, 14, 19, 24, 29, 35, 40, 45).

101. Attorneys' fees awarded under fee-shifting statutes are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

102. In assessing whether the amount in controversy requirement under CAFA is satisfied, a court not only assesses the amount of attorneys' fees incurred up to the date of removal but also future fees. Id. In other words, the amount in controversy at the time of removal "must include all relief to which a plaintiff is entitled if the action succeeds." *Id*.

103. A court has discretion to award attorneys' fees in a class action settlement by applying either the percentage-of-the-fund method or the lodestar method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). Consistent with this approach, "[t]his circuit has established 25% … as a benchmark award for attorney fees." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also, e.g., Hamilton v. Wal-Mart Stores, Inc.*, Case No. ED CV 17–01415–AB (KKx), 2017 WL 4355903, at *5–6 (C.D. Cal. Sept. 29, 2017) (CAFA wage and hour case allowing an estimated attorneys' fee award of 25% of plaintiff's damages in calculating the amount in controversy); *Sanchez v. Russel Sigler Inc.*, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (CAFA action finding that "the benchmark for attorneys' fees is 25% of the amount in controversy.").

104. Using such a method here, the alleged attorneys' fees for removal purposes can be plausibly estimated at **$2,859,153.78** or more (25 percent of the estimated amount in controversy).

105. This is a conservative estimate as courts have ordered higher amounts. For instance, the court in *Hightower v. JP Morgan Chase Bank, N.A.*, No. CV 11-1802 PSG (PLAx), 2015 WL 9664959, at *11-12 (C.D. Cal. 2015) awarded $3.6 million in attorney's fees to the plaintiffs in a wage and hour class action. *See also Ruiz v. XPO Last Mile, Inc.*, 2017 WL 6513962, at *7 (S.D. Cal. 2017) (awarding $4,865,000 in fees in a wage and hour class action involving independent contractor misclassification, which represented 35% of the recovery for the class).

D. **Albireo Energy's Calculation of Amount in Controversy**

106. Based on the foregoing claims and the conservative calculations set forth above, the amount in controversy in this case easily exceeds $5,000,000.

107. These calculations rely on conservative assumptions, and the total potential recovery is alleged to be substantially higher when considering actual wages, premiums, penalties, and other damages allegedly owed to the Class.

108. More specifically, Plaintiff has alleged damages that can be estimated as follows:

| Claims | Amount in Controversy |
|---|---|
| Count 1 | $739,722 |
| Count 2 | $2,918,955.04 |
| Count 3 | $2,918,955.04 |
| Count 4 | $2,918,955.04 |
| Count 5 | $398,028 |
| Count 6 | $1,028,000 |
| Count 7 | $514,000 |
| Count 8 | TBD |
| Attorney Fees | $2,859,153.78 |
| | |
| **CONSERVATIVE ESTIMATE** | **$14,295,768.90** |

.

## V. TIMELINESS OF REMOVAL

109. This Notice of Removal is timely because it was filed within 30 days after Albireo Energy was served Plaintiffs' Complaint on February 19, 2026. (Ex. B, Segear ¶ 7). 28 U.S.C. § 1446(b)(1); *Miletak v. AT&T Servs., Inc.*, No. 17-CV-00767-EMC, 2017 WL 2617961, at *2 (N.D. Cal. June 16, 2017) ("Miletak had not formally served AT&T until January 18, 2017, when AT&T signed and returned the Notice and Acknowledgement forms. That is the date, therefore, on which the removal clock began to run."); *Campbell v. Nationwide Mut. Ins. Co.*, No. SACV1491JLSDFMX, 2014 WL 12579812, at *1 (C.D. Cal. Apr. 21, 2014) ("Formal service of process is a prerequisite to triggering the 30-day period…Allied and Nationwide were served by mail, which in California is deemed complete on the date a written acknowledgement of receipt is executed.").

110. Further, Albireo Energy will file a true and correct copy of this Notice of Removal with the Clerk in the Superior Court of the State of California, County of San Diego, and will serve all adverse parties with written notice thereof, promptly after filing the Notice of Removal with this Court. 28 U.S.C. § 1446(d).

## VI. CONSENT OF ALL DEFENDANTS

111. Albireo Energy is the only Defendant in this case.

112. Consent is not required for the unnamed defendants "DOES 1 through 50" because defendants who have been joined and served must consent to removal under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(a)(2)(A).

## VII. VENUE

113. Venue lies in the United States District Court for the Southern District of California because the State Court Action was filed and is pending in the Superior Court of the State of California, County of San Diego, which is within this judicial district. 28 U.S.C. § 1441(a).

## VIII. CONCLUSION

114. Based on the foregoing, Defendant respectfully requests that this action proceed in this Court as an action properly removed.

Dated: March 19, 2026 Respectfully submitted,

By: */s/ Matthew S. Disbrow*

HONIGMAN LLP
MATTHEW S. DISBROW (SBN 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone: 313-465-7000
Facsimile: 313-465-7373
mdisbrow@honigman.com

Attorneys for Defendant Albireo Energy, LLC

**DECLARATION OF SERVICE**

I, Matthew S. Disbrow, declare:

I am over the age of eighteen years and not a party to the case. I am employed in the County of Wayne, State of Michigan, where the mailing occurred; and my business address is 2290 First National Building, 660 Woodward Avenue, Detroit, Michigan 48226.

On March 19, 2026, I caused to be served the following documents as described below:

**DEFENDANTS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AND DIVERSITY JURISDICTION**

✓ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Detroit, Michigan in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

□ BY OVERNIGHT DELIVERY: I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

□ BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

✓ BY STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

✓ BY FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

HONIGMAN LLP

By: */s/ Matthew S. Disbrow*

MATTHEW S. DISBROW (State Bar No. 294764)
2290 First National Building
Detroit, Michigan 48226
Telephone: 313-465-7000
Facsimile: 313-465-7373
mdisbrow@honigman.com

Attorneys for Defendant Albireo Energy, LLC

## SERVICE LIST

**WILSHIRE LAW FIRM**

Thiago M. Coelho, Esq. (SBN 324715)
thiaeo.coelho@wilshirelawfirm.com
Rachel J. Vinson, Esq. (SBN 331434)
rachel.vinson@wilshirelawfirm.com
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

**Attorneys for Plaintiff**